# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4733 | **DATE** | 5/31/2012 |
| **CASE TITLE** | In Re: Bryan Dean Hinnen & Billie Jo Hinnen | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court directs the Clerk to enter judgment dismissing this appeal.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

  Bryan Hinnen and Billie Hinnen have filed a *pro se* appeal from a bankruptcy judge's ruling denying their motion to avoid a lien. The lien, in the approximate amount of $7000, represents attorney's fees and costs that a state court judge awarded to Emerald Hills Condominium Association (Emerald Hills) in litigation against the Hinnens over unpaid condominium fees.

  The Hinnens own a condominium in Glendale Heights, Illinois. Emerald Hills is the association that manages the condominium. Pursuant to the declaration of condominium ownership that the Hinnens signed, they are requried to pay Emerald Hills a monthly fee, as well as a late fee if they do not pay the monthly fee on time. The declaration also allows Emerald Hills to recover reasonable attorney's fees incurred in enforcing the declaration.

  The Hinnens failed to make one of their monthly fee payments. Emerald Hills sued them in state court and obtained a judgment for $313: $288 for the fee itself, plus a $25 late fee. Emerald Hills then petitioned for attorney's fees. The state court judge awarded fees and costs in the approximate amount of $7000 (the parties have not provided the exact amount). The parties have provided very little information about the state court judge's decision, but the record reflects that in making the award, the judge acknowledged that it was far greater than the underlying amount in controversy but concluded that the award was reasonable because Emerald Hills had incurred the fees and costs as a direct result of the Hinnens' actions during the state court litigation. *See* Record at 28.

  Under state law, the judgment, including the fee award, gave rise to a lien in favor of Emerald Hills on the Hinnens' interest in the condominium. *See* 765 ILCS 605/9(g). The Hinnens filed a voluntary Chapter 7 petition in February 2011 and later filed a motion under 11 U.S.C. § 522(f) to avoid the lien. On appeal, they argue that the fee award was excessive and that Emerald Hills breached a fiduciary duty to them by incurring excessive fees.

  The Hinnens' argument does not appear to the Court to provide a basis for avoiding the lien. Section 522(f) permits a debtor to avoid "the fixing of a lien" on the debtor's interest in property if it would impair an

| STATEMENT |
|---|
| exemption to which the debtor would be entitled under section 522(b).  The Hinnens make no argument in their appeal brief regarding the impairment of any exemption, and it is not the Court's job to make their arguments for them.<br>      The bigger problem, however, is that the Hinnens have not provided the Court with the information needed for meaningful review of the ruling of the bankruptcy court that they challenge on appeal.  Based on the record provided, the Court cannot divine the basis on which the bankruptcy court denied the Hinnens' motion.  The bankruptcy court appears to have made an oral ruling, *see* Bankr. Ct. dkt. entries 47 & 48, but the Hinnens have not provided the transcript of that ruling.  As appellants, it was their burden to provide the Court with the the bankruptcy court's findings and conclusions, whether issued in writing or orally.  See Bankr. R. 8009 (b); *see generally Morisch v. United States*, 653 F.3d 522, 529-30 (7th Cir. 2011) (appellant must provide appellate court with materials needed for "meaningful review").  For this reason, the Court concludes that the Hinnens have forfeited their arguments and therefore dismisses their appeal. |